# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**LARRY HARRISON AND**     **PLAINTIFFS**
**MARY ANN HARRISON**

**V.**     **CASE NO. 2:04CV290**

**NISSAN NORTH AMERICA, INC.;**
**NES EQUIPMENT RENTAL, L.P.;**
**N.E.S., INC.; TEREX CORPORATION;**
**GENIE INDUSTRIES; GENIE**
**HOLDINGS, INC.; and JOHN DOES 1-10**     **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the motion [5-1] of defendant NES Equipment Rental seeking stay of the proceedings and/or enforcement of bankruptcy injunction, or in the alternative, dismissal, or in the alternative a change of venue. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs are Larry and Mary Ann Harrison. The defendant responsible for the instant motion is NES Equipment Rental ("NES"). According to the complaint, Larry Harrison was injured while operating a boomlift at the Nissan Canton Paint Plant building in Canton, Mississippi. Beyond that, the facts of the above-styled case are not relevant to the disposition of the instant motion.

NES first seeks a stay of the proceedings and/or enforcement of the automatic stay of NES's bankruptcy proceedings. In response, the Harrisons submit a stipulation and agreed order between NES and themselves which appears on its face to permit the instant action to proceed against NES with the understanding that any monetary settlement or judgment incurred must be settled by NES's insurance carriers and not from the assets of the bankruptcy estate, including any amounts within

NES's $500,000.00 Self-Insured Retention Amount. In light of this agreed order, NES's motion for stay and/or enforcement of the bankruptcy injunction is DENIED. NES also claims that the Court lacks subject matter jurisdiction over this action due to the existing jurisdiction of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Bankruptcy Case No. 03-27626. In light of the previously noted agreed order, the motion to dismiss for lack of subject matter jurisdiction is also DENIED.

NES also makes the following arguments: (1) that there was insufficiency of service of process, (2) that there was insufficiency of process, (3) that the Court lacks personal jurisdiction over NES, (4) that action has been brought in an improper venue, and (5) that NES, Inc., a separate entity from NES, was dissolved in 1995 and is therefore an improper entity for suit.[1]

In response, the Harrisons have come forward with documentary evidence indicating that both process and service were properly executed, and as of this date, NES has done nothing to rebut their evidence. Nor has NES (which has not replied to the Harrisons' response brief) offered anything more than conclusory allegations in support of its motion to dismiss for lack of personal jurisdiction. These allegations are rebutted, for the purposes of this motion at least, by the Harrisons' evidence that NES did business in Mississippi, including renting out the equipment used at the Nissan plant in Canton, Mississippi which allegedly injured Larry Harrison. Accepting the allegations in the complaint as true, the Court is persuaded that personal jurisdiction over NES is

---

[1]The Court assumes that NES seeks dismissal of NES, Inc. because the later corporation is the only in-state defendant, and NES, Inc.'s dismissal is most likely a prerequisite to defeating any claim by the Harrisons that complete diversity is lacking in this case. As it happens, though, no motion for remand is currently before the Court, and the Court declines to dismiss NES, Inc. based solely on a conclusory statement in the instant motion unsupported by any additional evidence or exhibits.

proper under both Mississippi's long arm statute and under the Due Process Clause of the U.S. Constitution.

Finally, the Harrisons deny that venue in this District is improper but concede that, if venue here is improper, that the case should be transferred to the Southern District of Mississippi, which is the same relief requested by NES. Venue in this case is governed by 28 U.S.C. § 1391(a) which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). In the case at bar, it is clear that all of the defendant corporations are from different states. According to the complaint, it appears that virtually all of the events giving rise to the Harrisons' claims occurred in Canton, Mississippi, which is located in Madison County which is located in the Southern District of Mississippi. The complaint reflects no basis for initially filing the complaint in the Bolivar County Circuit Court beyond the fact that the plaintiffs reside there. While it is conceivable that one or more of the defendants may be subject to personal jurisdiction in the Northern District of Mississippi under the third prong of § 1391(a), that prong is only operative if neither of the other two prongs apply. Consequently, the Court is persuaded that venue is not proper in the Northern District of Mississippi, but is proper in the Southern District of Mississippi.

28 U.S.C. § 1406(a) states that:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C.A. § 1406(a). In the instant case, the Court finds that it is in the interest of justice to transfer this case to the Southern District of Mississippi, where it could originally have been brought, rather than to dismiss it outright.

ACCORDINGLY, NES's motion for change of venue is GRANTED, and this case is hereby transferred to the United States District Court for the Southern District of Mississippi, Jackson Division. NES's motion is otherwise DENIED. A separate order to that effect shall issue this day.

This is the 15th day of July, 2005.

   **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**